**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BICHENG QIU,<br><br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>*Defendants*. | Civil Action No. 2:26-CV-2306<br><br>JURY TRAIL DEMANDED |

**ORIGINAL COMPLAINT**

Plaintiff Bicheng Qiu ("Plaintiff" or "Qiu") hereby brings this design patent infringement action against the Partnerships and Unincorporated Associations identified on Schedule A (collectively, "Defendants") and alleges as follows:

**INTRODUCTION**

1. Qiu files this action to combat foreign design patent infringers who trade upon Qiu's invention and associated business reputation and goodwill by selling and/or offering for sale unlicensed products, namely the shoulder bags depicted in Exhibit 1 ("Infringing Products"). The Defendants operate the identified e-commerce storefronts ("Defendant Storefronts") designed to appear to be selling genuine products, while actually selling Infringing Products to unbeknownst consumers. The Defendant Storefronts share unique identifiers, such as virtually identical product images and specifications, advertising, design elements, and similarities of the Infringing Products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Qiu is now forced to file this action to combat

Defendants' infringement of Qiu's patented design, as well as to protect innocent consumers from purchasing Infringing Products on Amazon. Qiu and her associated business has been and continues to be irreparably damaged as a result of Defendants' actions from the loss of her lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design and seeks injunctive and monetary relief.

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

3. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Pennsylvania, through at least the fully interactive, commercial Defendant Storefronts. Specifically, Defendants are reaching out to do business with Pennsylvania residents by operating the Defendant Storefronts through which Pennsylvania residents can and, upon information and belief, actually do purchase Infringing Products. *See* Exhibit 2. Defendants have targeted sales from Pennsylvania residents by operating online stores that offer shipping to the United States, including Pennsylvania, accept payment in U.S. dollars and, on information and belief, have sold Infringing Products to residents of Pennsylvania. *Id*. Defendants are committing tortious acts in Pennsylvania, are engaging in interstate commerce, and have wrongfully caused Qiu substantial injury in the Pennsylvania.

4. Alternatively, this Court may properly exercise personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2) as this patent infringement claim arises under federal law, upon information and belief, Defendants are not subject to jurisdiction in any state's

courts of general jurisdiction as Defendants are foreign business entities with no presence in the United States, and exercising jurisdiction is consistent with the United States Constitution and laws.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3) as Defendants are believed to be related Chinese entities who do not reside in the United States.

**THE PARTIES**

6. Qiu is a private citizen residing in Fengshun County, China.

7. Qiu is the named inventor and applicant of United States Design Patent No. D1,135,374 ("Design Patent") attached as Exhibit 3.

8. Qiu is affiliated with the Amazon storefront identified as OIAWH US ("OIAWH US"). OIAWH US mainly sells guitar straps, mobile phone straps, bag straps, and similar products to United States consumers via the Amazon marketplace. OIAWH US is authorized to practice the Design Patent and sells products that embody the Design Patent.

9. Qiu is further affiliated with the Amazon storefront identified as YFWE-US ("YFWE-US"). YFWE-US mainly sells phone lanyards, crossbody wallets, tote bags, camera neck straps, and related accessories to United States consumers via the Amazon marketplace. YFWE-US is also authorized to practice the Design Patent and sells products that embody the Design Patent.

10. Upon information and belief, Defendants are Amazon storefronts operating from China. Defendants conduct business throughout the United States, including within the State of Pennsylvania and this Judicial District, through the Defendant Storefronts.

**BACKGROUND**

11. The Design Patent was filed on June 11, 2025 and duly issued on July 21, 2026.

12. The Design Patent claims the ornamental design for a shoulder bag, as shown and described.

13. The Design Patent comprises fifteen (15) figures showing various views of the claimed design.

14. The Design Patent enjoys a statutory presumption of validity.

15. Qiu, through her affiliations with YFWE-US and OIAWH US, sells their own shoulder bags on the Amazon marketplace, which embody and practice the Design Patent. The YFWE-US and OIAWH US shoulder bags are well established on Amazon and enjoy quality customer reviews and high ratings.



16. Qiu has not granted a license or any other form of permission to Defendants to practice the Design Patent.

17. On information and belief, Defendants are under common control of one entity or individual. Defendants are believed to be affiliated entities part of the same corporate structure with overlaps in ownership and control. Defendants are believed to be an interrelated group of infringers working in active concert to willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the

Design Patent in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same Infringing Products with minor variations as well as similar if not identical product images and descriptions as shown in Exhibit 1. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Qiu to learn Defendants' true identities and the exact interworking of their network without discovery on the matter. In the event that Defendants provide additional credible information regarding their identities, Qiu will take appropriate steps to amend the Complaint.

18. Defendants go to great lengths to conceal their identities and often use multiple fictitious business names and addresses to register and operate their network of Defendant Storefronts. On information and belief, Defendants regularly create new Amazon storefronts to effectively allocate potential liability. Such e-commerce storefront registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to ultimately avoid being shut down.

19. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Storefronts credibly linking them together. The Defendant Storefronts include notable common features beyond selling the same Infringing Product, including nearly identical stock product images, accepted payment methods, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, and the use of the same text and images.

20. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online

marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

21. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Qiu's enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

22. Defendants, without any authorization or license from Qiu, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe the Design Patent, and continue to do so via the Defendant Storefronts. Defendants offer shipping to the United States, including Pennsylvania, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Pennsylvania.

23. Defendants' infringement of the Design Patent in the offering to sell, selling, or importing of the Infringing Products is willful.

24. Defendants' infringement of the Design Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products in Pennsylvania, is irreparably harming Qiu.

**COUNT I: DESIGN PATENT INFRINGEMENT**
**(35 U.S.C. § 271)**

25. Qiu hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe the ornamental design claimed in the Design Patent, *i.e.*, the ornamental design for a shoulder bag, as exemplified below:

| Claimed Design | Exemplary Basis of Infringement |
|---|---|
|   *(Ex. 3)* |  *(Ex. 1)* |

27. Defendants have infringed the Design Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' infringing conduct has caused Qiu to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Qiu is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

28. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Design Patent, Qiu will continue to be irreparably harmed.

29. Qiu is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Qiu is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Qiu prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. offering for sale, selling, and importing any products not authorized by Qiu that embody or practice any reproduction, copy or colorable imitation of the ornamental design for a flag light as claimed in the Design Patent;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Design Patent; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Qiu's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, iOffer, eBay, AliExpress, Alibaba, TEMU, Wish.com, Walmart.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account

providers, third party processors and other payment processing service providers, search engines such as Google, Bing and Yahoo (collectively, "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Design Patent;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Design Patent; and

c. take all steps necessary to prevent links to the Defendant Storefronts from displaying in search results, including, but not limited to, removing links to the Defendant Storefronts from any search index;

3) That Qiu be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Qiu for infringement of the Design Patent, including and not limited to all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' infringement of the Design Patent, and in no event less than a reasonable royalty;

4) That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284;

5) That Qiu be awarded its reasonable attorneys' fees and costs; and

6) Any and all other relief that this Court deems just and proper.

DATED: October 22, 2026

Respectfully submitted,

By: */s/ Nicholas Najera*

Nicholas Najera (*pro hac vice* pending)
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 325-2220
Fax: (972) 314-0900

*Counsel for Plaintiff Qiu*